IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eberechukwu Anosike, | )<br>) |
| Plaintiff, | ) Civil Action No. 4:21-cv-00411-TLW<br>) |
| v. | )<br>) |
| Kilolo Kijakazi,<br>Acting Commissioner of Social<br>Security | ) **Order**<br>)<br>)<br>) |
| Defendant. | )<br>) |

Plaintiff Shelley Eberechukwu Anosike brought this action pursuant to 42 U.S.C. 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Social Security disability insurance benefits. This matter is before the Court for review of the Report and Recommendation (Report) filed by United States Magistrate Judge Thomas E. Rogers. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. ECF No. 22. Plaintiff filed objections to the Report. ECF No. 28. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

1

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report, the objections thereto, and all other submitted filings. In this case, Plaintiff asserts that numerous conditions prevent him from working. These conditions are set forth in the ALJ's Findings of Fact and Conclusions of Law and repeated in the Magistrate Judge's Report. ECF No. 22 at 3-4. The ALJ ultimately issued an unfavorable decision in December 2019 finding that Plaintiff was not disabled within the meaning of the Act. The Magistrate Judge determined that the ALJ's findings and decisions were supported by substantial evidence, and therefore, the Magistrate Judge recommends that the Commissioner's decision be affirmed. *Id.* at 19.

On July 20, 2022, Plaintiff filed objections to the Report objecting to the Magistrate Judge's findings that (1) the ALJ properly considered the findings of the SCWCC; (2) the ALJ properly considered the application of Listing 1.02; (3) the ALJ properly evaluated Plaintiff's Credibility and Symptoms; and (4) the ALJ

properly considered the opinion evidence. ECF No. 28. For the reasons set forth below, Plaintiff's objections are overruled.

After careful review of the Report and the objections, the Court accepts the Report which provides a detailed analysis of why the Commissioner's decision should be affirmed. As to the first objection, the Report sets forth how much weight should be applied to the findings of the South Carolina Workers' Compensation Commission ("SCWCC") citing caselaw and applicable regulations. The Report issued by the Magistrate Judge finds that the ALJ complied with 20 C.F.R. § 404.1504 and SSR 06-03p, concluding a determination by another agency of disability is not binding on the SSA. *Id.* at 8-9. As outlined in the Report, a review of the record shows the ALJ properly considered and analyzed the SCWCC order, though the ALJ emphasized that the criteria for Workmen's Compensation is not the same standard used for Social Security Disability. The ALJ also outlined and summarized the SCWCC order, noting that the Workers' Compensation settlement offer did not set forth any functional limitations other than a general finding that the claimant was totally and permanently disabled pursuant to the South Carolina Workers' Compensation act. *Id.* at 9. The Magistrate Judge sets forth an analysis of the ALJ's consideration of the SCWCC on pages 7-9 of the Report. The Court finds the Report's analysis detailed, accurate, and sufficiently persuasive. Specifically, the ALJ stated "The Claimant's representative was asked where in the Workers' Compensation settlement offer any functional limitations were set forth… the representative was not able to identify any

3

limitations in the Workers' Compensation order. Only that there was a conclusion that the Claimant was permanently disabled." ECF No. 22 at 9. This Court notes that *Bird v. Commissioner of Social Security Administration* 699 F.3d 337 (4th Cir. 2012) holds that "in making a disability determination, the SSA must give substantial weight to a VA disability rating." The Magistrate Judge cites to *Cooley v. Colvin*, No. 1:14-1158-RMG, 2015 WL 1518096 (D.S.C. Mar. 31, 2105) stating *Bird* did not require significant weight be given to an order. Notably in *Cooley*, the District Court declined "to recommend *Bird* be extended to require that an ALJ give significant weight to an agency's order approving a private settlement agreement." There was a private settlement approved in the case now before this Court. On page 9 of the Report, the Magistrate Judge addresses the "Workers' Compensation settlement Order" issue in detail. The analysis by the Magistrate Judge analyzes the *Bird* standard in light of *Cooley*. Additionally, the Magistrate Judge fully analyzes the ALJ's consideration of this Social Security claim, noting *Bird* and *Cooley*. The Report makes it clear as to why the record and analysis by the ALJ is sufficient to "conclude substantial evidence supports the ALJ's findings on this issue." ECF No. 22 at 5. The Court accepts the Report's analysis and therefore overrules Plaintiff's first objection.

The objections to the report discuss the law related to consideration of Workers' Compensation disability findings, but do not offer specific evidence that would show the Workers' Compensation conclusion is a basis for social security disability in the case before the Court. The ALJ did give proper consideration to

4

the Workers' Compensation determination but set forth reasons as to why it does not support disability in this case under social security standards. The objections on this issue are not persuasive for these reasons.

As to the second objection, the Report sets forth the requirements for evaluating Listing 1.02 criteria and outlines the evidence and facts that the ALJ cited in concluding that Plaintiff did not meet the criteria. *Id.* at 10. The Report cites to a portion of the transcript where the ALJ explains his comparison of the listing criteria with evidence of Plaintiff's symptoms, *Id.* at 10, and notes "The ALJ provided enough information here in his decision under both the Listing section and as a whole to determine whether there was substantial evidence to support his conclusion that Plaintiff did not meet Listing 1.02." *Id.* As to the left ankle/foot injury, the objection states the standards that apply in evaluating disability. However, the Report notes that the ALJ stated "medical expert Henry Maimon, M.D. offered unrebutted testimony" explaining why the Plaintiff's impairments did not meet this or any other Listing (Specifically noting there was not an "inability to ambulate effectively." The Report also sets forth Dr. Maimon's detailed analysis regarding the injury. Additionally, the Report outlines medical evaluation by Dr. Thomas and Dr. O'Boyle that do not support disability based on the ankle/foot injury. *Id.* at 11. The objections to the report do not address this evidence in detail or provide a basis to conclude the Magistrate Judge's evaluation of the evidence of record is not persuasive. The Court accepts the Magistrate Judge's Recommendation for the reasons stated based on the foot/ankle injury.

The Court accepts the Report's finding that the ALJ properly evaluated whether a Listing was satisfied, and that substantial evidence supports the ALJ's finding that Plaintiff did not meet the criteria. Thus, the Court overrules Plaintiff's second objection.

The third objection addresses whether the ALJ properly evaluated the Plaintiff's credibility and symptoms. As to the ALJ's subjective symptom evaluation, the Report cites caselaw and regulations that detail the requirements of the ALJ's evaluation. *Id.* at 13. The Report then cites a portion of the transcript that demonstrates the ALJ's thorough consideration of Plaintiff's testimony. *Id.* at 14-15. The Report also provides a detailed outline of the evidence that the ALJ considered in concluding that Plaintiff's allegations of disabling symptoms were not entirely consistent with the record: medical records, imaging, exams, treatment, and complaints. *Id.* at 15-16. The Magistrate Judge sets forth significant evidence from the record regarding the credibility and subjective symptoms (excluding pain) allegedly suffered by the Claimant. The objection to the Report regarding this does not offer a basis to conclude the ALJ failed to properly evaluate the credibility and symptoms. The Court concludes that the Report, after a detailed discussion, correctly found that the ALJ conducted a proper evaluation of Plaintiff's subjective symptoms and cited substantial evidence to support the findings.

In his objections, Plaintiff argues that the ALJ erred in failing to properly address the opinions of Joseph Hammond, Ph.D., Dr. William Stewart, and in

assessing Plaintiff's vocational rehabilitation status. As the Report outlines, the ALJ considered the opinions of Dr. Holdren, Dr. Roland, Dr. Stewart, Dr. Harper, Dr. Korn, Dr. Hammond, Dr. Maimon, Dr. McPhail, and Dr. Thomas. The Court notes that the ALJ provided a detailed discussion regarding these opinions and the weight to be attributed to each opinion. The objections do not explain specifically how the Magistrate Judge erred in the ALJ's evaluation of this medical evidence. Accordingly, the Court accepts the Report of the Magistrate Judge which concludes that the ALJ appropriately considered the opinions of all medical sources involved as required by the regulations and has supported his findings with substantial evidence and applied the proper legal standards.

After careful consideration of the record and the Report, the Court concludes that there was substantial evidence to support the ALJ's decision to deny benefits. As noted in the Report, the ALJ performed a significant review of the record and outlined all the of the medical evidence of record. The role of this Court is to decide (1) whether the ALJ has supported his decision with substantial evidence, and (2) whether the conclusions reached by the Commissioner are legally correct. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990). The Court accepts the detailed analysis set forth in the Report of the Magistrate Judge.

For these reasons and the reasons stated in the Report, it is hereby **ORDERED** that the Report, ECF No. 22, is **ACCEPTED**, and Plaintiff's

objections, ECF No. 28, are **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is hereby **AFFIRMED**.[1]

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

September 1, 2022
Columbia, South Carolina

---

[1] The Court notes two Fourth Circuit opinions (i) *Dowling v. Comm'r of Soc. Sec. Admin.*, No. 19-2124, 2021 WL 203371 (4th Cir. Jan. 21, 2021), and (ii) *Arakas v. Comm'r of Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020), both considered in connection with this Order.